UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01292-JLT-CDB<br><br>ORDER DIRECTING PLAINTIFF JOHN DOE TO FILE MOTION TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 1)<br><br>**10-DAY DEADLINE** |

Plaintiffs Dignity Not Detention Coalition ("Dignity") and John Doe (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendants City of California City ("City") and CoreCivic, Inc. ("CoreCivic") (collectively, "Defendants") on September 16, 2025, in the Kern County Superior Court, No. BCV-25-103365, before Defendants removed the case to this Court on October 1, 2025.  (Doc. 1).  Plaintiffs seek a writ of mandate and injunctive relief, challenging the City's allegedly unlawful approval of the reopening and conversion of the California City Correctional Facility into an immigration detention facility, the City's alleged failure to enforce provisions of its municipal code, and CoreCivic's allegedly unlawful operation of the facility without obtaining proper permits.  (Doc. 1-3 ¶ 1).

In the complaint, Plaintiff John Doe represents he "is filing under a conditional pseudonym and will file a request to proceed under pseudonym." (Doc. 1-3 at 5, fn. 1) (citing *Dept of Fair Emp. & Hous. v. Super. Ct. of Santa Clara Cnty.*, 82 Cal. App. 5th 105, 112 (2022)); *see* (Doc. 1 at 2, fn. 1).

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

As Plaintiff John Doe seeks to proceed under pseudonym to preserve anonymity, the Court will direct him to file a motion to proceed using a pseudonym.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 10 days** of entry of this order, Plaintiff John Doe shall file a motion to proceed pseudonymously in this action.

IT IS SO ORDERED.

Dated:   **October 7, 2025**                               _____
                                                                                    UNITED STATES MAGISTRATE JUDGE