**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**TEMPORARY RESTRAINING ORDER**
**(TRO)**
**CHECKLIST**

**NOTE:** When filing a Motion for a TRO with the court, you must choose Motion for TRO. You must complete this document and attach it to your motion as an attachment in CM/ECF. If you have questions, please call the CM/ECF Help Desk at 1-866-884-5525 (Sacramento) or 1-866-884-5444 (Fresno).

(A) *Check one.*   Filing party is represented by counsel   ☑

  Filing party is acting in pro se   ☐

(B) Has there been actual notice, or a sufficient showing of efforts to provide notice to the affected party? *See Local Rule 231 and FRCP 65(b).*

**Yes. Counsel for Petitioners-Plaintiffs ("Petitioners") provided actual notice of this ex parte TRO application to counsel for Respondent-Defendant City of California City ("City") and Defendant-Respondent and Real Party in Interest CoreCivic ("CoreCivic") via email on October 16, 2025, prior to filing of the TRO application and related papers. Further details regarding actual notice are provided in the concurrently filed Declaration of Joseph Petta.**

Did applicant discuss alternatives to a TRO hearing?

**Yes. Counsel for Petitioners considered and discussed with opposing counsel alternatives to a TRO hearing. Counsel for Petitioners emailed counsel for the City and CoreCivic to ask whether they would be open to alternatives to Petitioners' request for preliminary injunctive relief. Opposing counsel declined to answer other than to advise they would appear to oppose the request.**

Did applicant ask opponent to stipulate to a TRO?

**Yes. Opposing counsel declined to stipulate to the requested TRO.**

Opposing Party:   **California City and CoreCivic, Inc.**

Telephone No.:   **(951) 788-0100 and (480) 420-1600**

(C) Has there been undue delay in bringing a TRO?

**No. Petitioners originally filed an ex parte application for a TRO in Kern County Superior Court on October 1, 2025. CoreCivic removed this action to federal court on October 1, 2025, after receiving notice of the TRO application on September 30, 2025, but before the state court hearing on the TRO scheduled for October 2, 2025. Following CoreCivic's removal of this action to federal court, Petitioners have renewed their application for a TRO in this court as expeditiously as possible.**

Could this have been brought earlier?

  Yes: ☐     No: ☑

(D) What is the irreparable injury?

**As set forth in the application and supporting documents, Plaintiff-Petitioner Doe is currently detained at the facility that is the subject of this case and would suffer irreparable harm in the form of worsening overcrowding and more dangerous conditions absent the interim relief requested in the TRO application. Residents of the City and surrounding region will also experience irreparable harm in the form of ongoing and worsening environmental harms, including noise, vehicle traffic, and air pollution. Plaintiff-Petitioner Dignity Not Detention Coalition will also continue to be deprived of its statutory right to a public hearing before the facility begins operations.**

Why the need for an expedited hearing?

**Plaintiff-Petitioner Doe and the general public will experience the severe harms described above and in the concurrently filed materials on an ongoing and worsening basis until a TRO is granted. CoreCivic has already delayed Plaintiffs-Petitioners' ability to apply for or receive interim relief by removing this action to federal court before the state trial court could issue a decision on Plaintiffs-Petitioners' initial, pending ex parte application for a TRO.**

(E) Documents to be filed and (unless impossible) served on affected parties/counsel:

☑ (1) Complaint

☑ (2) Motion for TRO

☑ (3) Brief on all legal issued presented by the motion

☑ (4) Affidavit detailing notice, or efforts to effect notice, or showing why it should not be given

☑ (5) Affidavit in support of existence of irreparable harm

☑ (6) Proposed order with provision for bond

☑ (7) Proposed order with blanks for fixing:

   ☑ Time and date of hearing for motion for preliminary injunction

   ☑ Date for filing responsive papers

   ☑ Amount of bond, if any

   ☑ Date and hour of issuance

☑ (8) For TROs requested *ex parte*, proposed order shall notify affected parties they can apply to the court for modification/dissolution on 2 days notice or such shorter notice as the court may allow. *See Local Rule 231 and FRCP 65(b)*