JOSEPH D. PETTA (State Bar No. 286665)
MINDY K. JIAN (State Bar No. 336139)
RYAN K. GALLAGHER (State Bar No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:   (415) 552-7272
Facsimile:   (415) 552-5816
Petta@smwlaw.com
Mjian@smwlaw.com
Rgallagher@smwlaw.com

Attorneys for Dignity Not Detention Coalition

CALLARD E. COWDERY (State Bar No. 329697)
AFRICAN ADVOCACY NETWORK
3106 Folsom St
San Francisco, California 94110
Telephone: (415) 889-9573
ccowdery@aansf.org

Attorneys for John Doe

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION and JOHN DOE,<br><br>      Petitioners and Plaintiffs,<br><br>    v.<br><br>CITY OF CALIFORNIA CITY and CORECIVIC, INC.,<br><br>      Respondents and Defendants.<br><br>CORECIVIC, INC.,<br><br>      Real Party in Interest. | Case No. 1:25-cv-01292-KES-CDB<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Hon. Hon. Kirk E. Sherriff, District Judge<br>Hon. Christopher D. Baker, Magistrate Judge<br><br>Trial Date:     None set |

The Court having considered Petitioners' and Plaintiffs' ("Petitioners") Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, and good cause having been shown:

IT IS HEREBY ORDERED THAT Respondent and Defendant City of California City ("City") and Respondent and Defendant and Real Party in Interest CoreCivic, Inc. ("CoreCivic") show cause before this Court on _____, 2025, at _____, or as soon thereafter as counsel may be heard in Courtroom 6 of the above-entitled court: (1) why the City and all of its agents, employees, contractors, assigns, and those acting in concert with it, should not be enjoined and restrained from issuing new approvals or permits for the operation or expansion of the California City Correctional Facility ("Facility"), unless and until the City has complied with applicable provisions of its Municipal Code and SB 29 as determined by a final judgment in this action; and (2) why CoreCivic and all of its agents, employees, contractors, assigns, and those acting in concert with it, should not be enjoined and restrained from physically expanding or remodeling the Facility for the purpose of expanding the current detained population, and accepting and detaining new immigrant transferees at the Facility, unless and until CoreCivic has obtained the necessary approvals under the City's Municipal Code as determined by a final judgment in this action.

Petitioners' Application for Temporary Restraining Order is GRANTED. The Court finds that Petitioners are likely to succeed on the merits of their claims against Respondents and Defendants. The Court further finds that Petitioners are likely to suffer irreparable harm if the temporary restraining order is not granted, the balance of equities tips in Petitioners' favor, and the temporary restraining order is in the public interest. Pending hearing on and resolution of the above Order to Show Cause, the City and CoreCivic and all of their agents, employees, contractors, assigns, and those acting in concert with them, ARE HEREBY RESTRAINED AND ENJOINED from undertaking any actions to expand the Facility or its operations or to authorize the expansion of the Facility. The enjoined City actions include, without limitation, issuing new approvals or permits for the operation or expansion of the Facility, unless and until the City has complied with applicable provisions of its Municipal Code and SB 29. The enjoined

CoreCivic actions include, without limitation, physically expanding or remodeling the Facility for the purpose of expanding the current detained population, or accepting and detaining new immigrant transferees at the Facility, unless and until CoreCivic has obtained the necessary approvals under the City's Municipal Code.

An undertaking for the above Temporary Restraining Order has been waived or set in the nominal amount of $100 in the present case because the balance of the hardships weighs heavily in favor of Petitioners and because the Temporary Restraining Order is in the public interest. In addition, requiring more than a nominal bond would effectively preclude judicial review.

This Order to Show Cause and supporting papers shall be served on the City and CoreCivic by overnight mail, e-mail, facsimile, or hand-delivery no later than _____ on _____, 2025, and a proof of service shall be filed and delivered to the Court no later than _____ on _____, 2025.

The following briefing schedule on the Order to Show Cause shall apply:

Any opposition papers shall be filed and served by overnight mail, e-mail, facsimile, or hand-delivery no later than _____ on _____, 2025.

Any reply papers shall be filed and served by overnight mail, e-mail, facsimile, or hand-delivery no later than _____ on _____, 2025.

In accordance with Local Rule 231 and Fed. R. Civ. P. 65(b), please take notice of your right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

**IT IS SO ORDERED.**

DATED: _____, 2025 at _____

_____
Hon. Kirk E. Sherriff