Victor M. Ponto (SBN 284005)
E-mail: vponto@bwslaw.com
Mark J. Austin (SBN 208880)
E-mail: maustin@bwslaw.com
Brandon A. Sanchez (SBN 300718)
E-mail: bsanchez@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1770 Iowa Avenue, Suite 240
Riverside, California 92507-2479
Tel: 951.788.0100 Fax: 951.788.5785

Attorneys for CITY OF CALIFORNIA CITY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

DIGNITY NOT DETENTION COALITION and JOHN DOE,

Petitioners and Plaintiffs,

v.

CITY OF CALIFORNIA CITY and CORECIVIC, INC.,

Respondents and Defendants.

CORECIVIC, INC.,

Real Party in Interest.

Case No. 1:25-cv-01292-KES-CDB

**OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

TRO Application Hearing
Date: November 3, 2025
Time: 1:00 p.m.
Judge: Hon. Kirk E. Sherriff
Crtrm: 6

Trial Date: None Set

**CITY OF CALIFORNIA CITY'S OPPOSITION TO COALITION'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

Respondent and Defendant City of California City will and hereby does submit the following Memorandum of Points and Authorities in opposition to Petitioners and Plaintiffs Dignity Not Detention Coalition's and John Doe's (collectively, the "Coalition") Ex Parte Application For Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction ("TRO Application"). The City opposes the TRO Application for the following reasons:

- No SB 29-covered permit has issued; and Section 1670.9(d)'s duties arise only upon a permitting event, not "tacit approval," so the matter is not ripe.
- The first SB 29 hearing is scheduled for October 28, 2025; the City will not issue any SB 29-covered permit absent full compliance, so the requested relief is unnecessary.
- Existing land use approvals authorize a detention/custody use; no new or modified conditional use permit is presently required on this record.
- Enforcement remains discretionary, so the Coalition will not prevail on its mandamus claim.
- The TRO Application relies on generalized, dated assertions; any disputed facts should be addressed on noticed motion with a fuller record.
- The proposed order functions as an "obey-the-law" injunction and fails Rule 65(d)'s specificity requirement.

The requested order would impose an extraordinary, overbroad, and unnecessary injunction based on speculation, incorrect assumptions, and stale facts. The Coalition anchors a substantial portion of their application in Civil Code section 1670.9(d) ("SB 29"). But SB 29's procedural duties are triggered by the issuance of a permit. No such permit has issued. The Coalition's effort to recast the City's alleged "tacit approval" as a permitting event is contrary to the statute's text and structure. This novel theory should be rejected. SB 29 does not authorize an emergency injunction to police a non-event.

SB 29 compliance is also already underway: the City has scheduled the first public hearing on October 28, 2025, before the City Council, with additional hearing(s) to follow as required. The City will not issue any SB 29-covered permit related to the facility unless and until SB 29's notice-and-hearing prerequisites are satisfied. An ex parte injunction is therefore unnecessary to secure the very process that is already occurring.

Further, facility operations appear to remain within existing land use entitlements. The ongoing use appears to be consistent with uses authorized under existing conditional use permits, and the City does not anticipate requiring a new conditional use permit or a modification. The Coalition asks the Court to resolve—on an ex parte record—questions about the scope and continued effect of historic entitlements, abandonment, and use congruence. They have not carried their burden. Moreover, these are inherently fact- and code-specific inquiries that should be addressed on a noticed motion.

Finally, the Coalition's alleged harms are not imminent and are not redressable by the sweeping relief sought against the City. Whatever concerns may exist about conditions inside the facility, those allegations do not stem from a City permit or from a City decision that SB 29 regulates.

The balance of equities and the public interest likewise weigh against ex parte relief. Preemptively barring the City from "undertaking any actions to expand the Facility or its operations or to authorize the expansion of the Facility," without any persuasive showing that the City violated—or will violate—the law, would insert the court into the ongoing process unnecessarily. For these reasons, the Court should deny the application as to the City.

## II. LEGAL ANALYSIS

### A. Ex parte standard is not met; and the matter should be heard on notice.

This matter should be noticed on the Court's civil law-and-motion calendar under Local Rules 230 and 231. Temporary restraining orders are granted only in the "most extraordinary of circumstances." (E.D. Cal. L.R. 231(a).) The Coalition has not made that showing. Most of the Coalition's safety assertions are generalized and based on CoreCivic's track record at other facilities. (See MPA, pp. 8–9.)

In addition, its facility-specific safety assertions are stale. (See MPA, p. 10.) The Coalition's fire-safety argument relies on the City's July 22 letter. Presently, the facility has no pending fire or building violations, and any issue raised by the City's inspectors was promptly resolved. (Declaration of Planner Doravari, ¶ 10.) Finally, the asserted extreme-heat risk is speculative and, at this point in the year, attenuated. (See MPA, p. 11.)

Critically, as to the relief requested against the City, the Coalition offers no admissible showing that (a) the City is poised to issue an approval unlawfully, or (b) issuing any such approval without complying with SB 29 would create imminent danger beyond process-based harms (participation/hearing rights) that do not warrant ex parte relief.

**B. The Coalition failed to show that the City has violated or is anticipated to violate any State or local law.**

Unless and until some past or imminent violation of law is established, there is no need to restrain the City.

**1. *The City has not violated SB 29 and intends to comply with it.***

In 2017, the State Legislature passed Senate Bill 29, the "Dignity Not Detention Act," codified at Civil Code section 1670.9. Among other things, it imposes procedural requirements on permitting the building or reuse of buildings for immigration detention. Specifically, it provides that a city may not "approve or sign a deed…or issue a permit for the building or reuse of existing buildings by any private corporation…to house or detain noncitizens" unless it has (i) provided public notice at least 180 days before execution, and (ii) "solicited and heard" public comments at two public meetings.

Critically, Section 1670.9 is triggered by issuance of a permit. No permit has issued. There is no violation of SB 29 unless a permit is issued without complying with the noticing requirements. The Court should reject the Coalition's novel theory that "tacit approval" is equivalent to issuing a permit. No affirmative City permitting act has occurred. (Declaration of Planner Doravari, ¶ 13.) Seeking to enjoin hypothetical future permits that might violate SB 29 is non-justiciable; the SB 29 claim is not ripe.

Further, the City will hold its first SB 29 hearings on October 28, 2025, before issuing site plan review approval for the facility, in an abundance of caution. (Declaration of Planner Doravari, ¶¶ 11–12.)

**2. *The City has not violated any local laws.***

(a) *The existing conditional use permits appear to cover the ongoing activity.*

CoreCivic's current operations appear to be functionally similar to past use, and as such no new or modified conditional use permit seems to be required. (Declaration of Planner Doravari, ¶¶ 6–9.) According to CCMC section 9-2.402, "correction, probation or prison facilities and services" are permitted in the RA zone with a conditional use permit. In January 1998, the City granted CUP 97-01 for a 2,304-bed "prison facility" at the site; and in October 1998, it granted CUP 98-02 to expand the permitted use by 512 beds. (Declaration of Planner Doravari, ¶ 6.)

Immigration detention falls within "correction, probation, or prison facilities and services." (Declaration of Planner Doravari, ¶¶ 6–9.) The CCMC does not define "prison," and nothing in the code indicates an artificially narrow meaning. By ordinary usage, a "prison" is a "place of confinement." (Merriam-Webster's Collegiate Dictionary (11th ed. 2003), *prison*.) An ICE detention facility is precisely that.

On its face, CUP 97-01 does not confine the entitlement to penal incarceration or to a particular inmate/detainee population and does not evidence an intent to exclude civil detention. The facility also operated as an ICE detention center from roughly 2010 to 2013 under these CUPs, which aligns with that reading. (Declaration of Planner Doravari, ¶ 8.) The Doe Declaration likewise reflects continuity of use and that the facility is functioning as a carceral facility. In sum, the conditional use permits appear to cover the ongoing activity.

(b) *Enforcement is discretionary; the City has violated no mandatory duties under its code.*

Whether a statute imposes a ministerial duty (for which mandamus may lie) or a discretionary function turns on text, function, and purpose. (*Weinstein v. County of Los Angeles* (2015) 237 Cal.App.4th 944, 965.) Unlike a ministerial duty, which is an act that the law compels under a given set of facts, an exercise of discretion involves the use of judgment in deciding what

action to take. Even if mandatory language appears in a statute creating a duty, the duty is discretionary if the public entity must exercise significant discretion to perform the duty. (*Childhelp, Inc. v. City of Los Angeles* (2023) 91 Cal.App.5th 224, 239.) The petitioner bears the burden. (*American Coatings Ass'n v. South Coast Air Quality Mgmt. Dist.* (2012) 54 Cal.4th 446, 460.)

Here, the "mandatory duty" is over asserted. The invoked zoning regulations provide that the City "shall issue no permit or license" for any use/building "in conflict with" the zoning regulations, and any such permit "is null and void." (CCMC, § 9-2.2803(a).) First, no permit or license has been issued. (Declaration of Planner Doravari, ¶ 13.) Second, any permit or license (e.g., a business license) would not conflict with zoning because the current use is consistent with the existing conditional use permits. (Declaration of Planner Doravari, ¶¶ 6–9.) The Coalition has tired to convert a *limit* on permitting authority (no license in conflict with zoning) into a ministerial *duty* to abate—an inapt theory under Code of Civil Procedure section 1085.

The municipal code also states the City "shall commence actions and proceedings" to abate/remove/enjoin contrary uses and "apply to any court" for relief as needed. (CCMC, § 9-2.2804(c).) But enforcement choices are quintessentially discretionary. (See *Riggs v. City of Oxnard* (1984) 154 Cal.App.3d 526, 530 [charging decisions discretionary]; *Fox v. City of Fresno* (1985) 170 Cal.App.3d 1238, 1241 [enforcement duties imposed on public entities are discretionary even where "shall" is used because discretion is inherent]; *Haggis v. City of Los Angeles* (2000) 22 Cal.4th 490, 498 [code enforcement involves discretion].)

So the City has violated no mandatory duties under its code, meaning the Coalition is not likely to prevail.

**C. The balance of the equities favor denying the requested relief.**

The equities favor letting the statutory process run—especially with SB 29 hearings already anticipated. The City has scheduled the first SB 29 hearing on October 28, 2025.[1] Enjoining the City now would not "preserve" anything. The Coalition does not face a gap in

[1] See Agenda available at https://www.californiacity-ca.gov/CC/images/Complete_Agenda_102825.pdf

process requiring emergency intervention. With SB 29 compliance already in motion, and no imminent municipal act poised to alter the Coalition's position, the balance of hardships and the public interest favor denying the extraordinary remedy they seek and allowing the scheduled public process to proceed. (See Declaration of Planner Doravari, ¶ 12.)

**D. The proposed order is overbroad.**

If the court feels compelled to issue a temporary restraining order, any interim order should be more narrowly drawn. As written, the proposed order is insufficiently definite, is improperly more broad than the statute it seeks to prevent violation of, and materially diverges from the ex parte notice.

**1. *The proposed temporary restraining order is insufficiently definite.***

Rule 65(d) requires that a temporary restraining order "describe in reasonable detail" the prohibited conduct. Enjoining the City from issuing any new approvals or permits "unless and until the City has complied with applicable provisions of its Municipal Code and SB 29" is an impermissibly abstract "obey-the-law" command. (*City of Redlands v. County of San Bernardino* (2002) 96 Cal.App.4th 398, 415.) A proper temporary restraining order would identify the specific approval, the governing code provision, and the specific acts enjoined with respect to that approval. For example, if an imminent issuance of a conditional use permit were shown, an injunction might bar issuance of that conditional use permit absent SB 29 compliance. A blanket prohibition on issuing any approvals or permits is insufficiently definite, overbroad, and untethered to a concrete factual showing.

**2. *The proposed temporary restraining order is more broad than the law itself.***

The proposed temporary restraining order is also incongruous with the express language and intent of SB 29. The statute provides only that a city may not "issue a permit for the building or reuse of existing buildings by any private corporation…to house or detain noncitizens." (Gov. Code, § 7310.) The Legislature thus drew a narrow prohibition directed at a discrete class of municipal actions: those that would affirmatively authorize construction or reuse of facilities for the detention of noncitizens. By contrast, the proposed temporary restraining order seeks to prohibit the City from "issuing new approvals or permits…facilitating…operation or expansion"

of the facility. This language sweeps far beyond the statutory text. Not every City approval that facilitates the operation of the facility would be an SB 29-covered permit. The Court should therefore reject the overbroad formulation advanced by the Coalition and confine any injunctive relief, if granted at all, to the narrow statutory boundaries set by the Legislature.

**3. *The proposed temporary restraining order is broader than the ex parte notice.***

The ex parte notice targeted the City's "issuing new approvals or permits…facilitating…operation or expansion." The proposed temporary restraining order adds a sweeping prohibition not found in the ex parte notice: "undertaking any actions to expand the Facility or its operations or to authorize the expansion of the facility." That is a different and broader restraint than the "nature of the relief" described in the notice. Eastern District Local Rule 231(a) requires advance notice that informs the affected party of "the nature of the relief to be requested." Seeking broader relief than noticed is a defect warranting denial or narrowing.

## III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny the temporary restraining order application in full as to the City or, in the alternative, substantially narrow the scope of any interim order.

Dated: October 27, 2025

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Brandon A. Sanchez
Victor M. Ponto
Mark J. Austin
Brandon A. Sanchez
Attorneys for CITY OF CALIFORNIA CITY

# PROOF OF SERVICE

**Dignity Not Detention Coalition, et al. v. City of Caliornia City, et al.**
**Case No. 1:25-cv-01292-KES-CDB**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, 40th Floor, Los Angeles, CA 90071-2942.

On October 27, 2025, I served true copies of the following document(s) described as

**OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 27, 2025, at Riverside, California.

Victor Ramirez

**SERVICE LIST**
**Dignity Not Detention Coalition, et al. v. City of Caliornia City, et al.**
**Case No. 1:25-cv-01292-KES-CDB**

| | |
|---|---|
| Joseph D. Petta, Esq.<br>Mindy K. Jian, Esq.<br>Ryan K. Gallagher, Esq.<br>SHUTE, MIHALY & WEINBERGER, LLP<br>396 Hayes Street<br>San Francisco, California 94102<br>Tel: (415) 552-7272<br>Fax: (415) 552-5816<br>Email: Petta@smwlaw.com<br>Email: MijanQzmalaw.com<br>Email: Rgallagher@smwlaw.com | Attorneys for Petitioner and Plaintiff<br>DIGNITY NOT DETENTION COALITION |
| Callard E. Cowdery, Esq.<br>AFRICAN ADVOCACY NETWORK<br>3106 Folsom Street<br>San Francisco, California 94110<br>Tel: (415) 889-9573<br>Email: ccowdery@aansf.org | Attorney for Petitioner and Plaintiff<br>JOHN DOE |
| Nancy Flores-Castaneda, Esq.<br>Nicholas H. Rasmussen, Esq.<br>MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP<br>7647 North Fresno Street<br>Fresno, California 93720<br>Tel: (559) 433-1300<br>Fax: (559) 433-2300<br><br>Email: nrasmussen@mccormickbarstow.com<br>Email: castaneda@mccormickbarstow.com | Attorneys for Respondent, Defendant, and Real Party in Interest<br>CORECIVIC, INC. |
| Daniel P. Struck, Esq.<br>STRUCK LOVE ACEDO, PLC<br>3100 W. Ray Road, Suite 300<br>Chandler, AZ 85226<br>Tel: (480) 420-1600<br>Email: dstruck@strucklove.com<br>Email: dpercevecz@strucklove.com | Attorneys for Respondent, Defendant, and Real Party in Interest<br>CORECIVIC, INC. |