JOSEPH D. PETTA (State Bar No. 286665)
MINDY K. JIAN (State Bar No. 336139)
RYAN K. GALLAGHER (State Bar No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:   (415) 552-7272
Facsimile:   (415) 552-5816
Petta@smwlaw.com
Mjian@smwlaw.com
Rgallagher@smwlaw.com

Attorneys for Dignity Not Detention Coalition

CALLARD E. COWDERY (State Bar No. 329697)
AFRICAN ADVOCACY NETWORK
3106 Folsom St
San Francisco, California 94110
Telephone: (415) 889-9573
ccowdery@aansf.org

Attorneys for John Doe

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION and JOHN DOE,<br><br>  Petitioners and Plaintiffs,<br><br>  v.<br><br>CITY OF CALIFORNIA CITY and CORECIVIC, INC.,<br><br>  Respondents and Defendants.<br><br>CORECIVIC, INC.,<br><br>  Real Party in Interest. | Case No. 1:25-cv-01292-KES-CDB<br><br>**REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS**<br><br>Date:   November 3, 2025<br>Time:   1:00 p.m.<br>Crtrm.:   6<br>Judge:   Hon. Kirk E. Sherriff<br><br>Hon. Hon. Kirk E. Sherriff, District Judge<br>Hon. Christopher D. Baker, Magistrate Judge<br><br>Trial Date:       None set |

## INTRODUCTION

Petitioners Dignity Not Detention Coalition ("DNDC") and John Doe ("Doe") have sufficiently demonstrated that Doe should be permitted to proceed in this case under a pseudonym. Pursuant to the standard set out in the Ninth Circuit, Doe has shown that his need for pseudonymity outweighs prejudice to the Respondents in this case, including CoreCivic Inc. ("CoreCivic"), and to any public interest in knowing his identity. *See Does I thru XXVIII v. Advanced Textile Corp.,* 214 F.3d 1058 (9th Cir. 2000) ("*Advanced Textile*").

CoreCivic relies on factually and legally distinguishable cases to argue otherwise, including multiple cases that do not concern pseudonym requests at all. As Petitioners have shown, however, Doe reasonably fears the threat of severe retaliatory harm and, as a detainee at the very Facility this action challenges and an asylum applicant, is particularly vulnerable to such harm from the parties he seeks to conceal his identity from, including Respondent CoreCivic.

## ARGUMENT

**I.   CoreCivic has not shown that Petitioners failed to establish Doe's need for anonymity.**

   **A.   The Court should reject CoreCivic's attempts to minimize the severity of the retaliatory harm that necessitates anonymity here.**

CoreCivic attempts to minimize the severity of the retaliatory harm facing Doe, relying on factually and legally distinguishable cases. First, CoreCivic invents a new standard unsupported by *Advanced Textile:* that Doe must face a threat of harm greater than the alleged harms other detainees face at the same Facility. *See* CoreCivic's Response to Petitioners' Ex Parte Application to Proceed Under Pseudonym ("Response") at 3-4. *Advanced Textile* included no such comparison. Instead, it considered whether plaintiffs faced a "greater threat of retaliation than the *typical plaintiff*" bringing similar causes of action. 214 F.3d, at 1070-71. Additionally, even when the threat of harm is similar to that faced by a typical plaintiff, *Advanced Textile* recognized that the "*consequences* of this ordinary retaliation" may be "extraordinary" enough to justify anonymity. *Id.* at 1071 (emphasis added).

1

REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS
Case No. 1:25-cv-01292-KES-CDB

*Solis v. Washington* does not support CoreCivic's misreading of *Advanced Textile* and is inapplicable here. 2010 WL 1708831, at *4 (W.D. Wash. Apr. 27, 2010). *Solis* concerned the application of "informant's privilege," not a petitioner's right to proceed under pseudonym. The defendant in the Fair Labor Standards Act case sought to withhold, during discovery, information about *all* employees who were not paid overtime. *Id.* at *3. The court in *Solis* rejected the plaintiff's attempts to apply *Advanced Textile* and concluded that "general information as to all employees who were not paid overtime" would not identify specific informants. *Id.* at *3, 5; s*ee also id.* at *3 fn. 3 ("Again, the Court notes that Plaintiff clearly is not seeking anonymity.")

  Doe undoubtedly faces a greater threat of harm than the typical plaintiff bringing causes of action similar to those local zoning and state-law public noticing claims that Doe raises in his petition. The specific harms Doe faces include harassment, intimidation, bullying, and deportation. *See* Declaration of John Doe in Support of Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Doe Decl.") ¶¶ 23, 26-29. Doe has experienced or observed retaliatory, threatening, and intimidating behavior by officers at the California City Correctional Facility ("Facility"), including verbal threats, a disregard for detainees' medical needs, deliberate intimidation, and locking detainees in their cells for 24 hours. *See* Doe Decl. ¶¶ 23, 26-29. These instances of retaliation, which have already occurred at the facility, arose in response to relatively limited attempts by detainees, including Doe, to advocate for themselves. *See* Doe Decl. ¶¶ 26-27, 29. Bringing a lawsuit under his real name challenging the basic legality of the very Facility he is detained within, and against the very corporate entity currently imprisoning him, would likely engender even more severe and extensive retaliation. The reports cited by Petitioners in their motion to proceed under pseudonym further illustrate the types of severe retaliatory harms facing detainees who raise complaints against, and from within, immigration detention facilities like CoreCivic's. *See* Declaration of Joseph Petta in Support of Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Petta TRO Decl."), Exh. 37 at 2-3, Exh. 38 at 8. The Court has the discretion to consider these reports. *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F.Supp.2d 1096, 1114 (C.D. Cal. 2007).

The severe harm facing Doe cannot fairly be characterized as the mere threat of "embarrassment" or "ridicule." *Doe v. Amazon.com, Inc.* 2011 WL 13073281, at *3 (W.D. Wash. Dec. 23, 2011) ("*Amazon.com.*"). In *Amazon.com*, an actress sued the Internet Movie Database website (IMDB.com) for revealing her true age and sought pseudonym status to protect against "'new-age harms' such as 'cyber bullying.'" 2011 WL 13073281, at *3. The Court noted the contrast between these harms and those faced by the plaintiffs in *Advanced Textile,* describing the harm "she faces as an order of magnitude less than the potential harm faced by the workers in Advanced Textile Corp." *Id.* Doe, like the plaintiffs in *Advanced Textile*, faces the risk of serious physical and mental harm. In addition to the potential retaliation he could confront in the facility, Doe fears the threat of deportation, which is a severe harm in and of itself, but especially grievous to him as an asylum seeker who fled his home country and faces targeted arrest, physical harm, or death if he returns. Doe Decl. ¶ 30.

### B. Doe's fears are reasonable.

CoreCivic also sets out unnecessarily restrictive criteria for demonstrating the reasonableness of a plaintiff's fears, asserting that Doe should have established he was threatened *for filing his lawsuit,* provided evidence that threatening statements were made as "actual threat[s] with intent to harm," and otherwise provided more robust factual support for his fears than is required. On the contrary, the facts alleged by Doe adequately support the reasonableness of his request to proceed under pseudonym.

First, CoreCivic cites no case law or justification to support its requirement that Doe was not just threatened, but specifically threatened for filing this lawsuit. Requiring a plaintiff to receive a threat of harm specific to a lawsuit itself would render the need for pseudonymity unnecessary; if plaintiffs could only succeed in this motion if they are known to the defendant to be involved in the lawsuit then the harms necessitating the need for them to seek pseudonymity would already have occurred. Furthermore, while evidence of threats can support a plaintiff's pseudonym request, a petitioner is not required to show that they were threatened. *See Mirabelli v. Olson,* 2024 WL 5689954 (S.D. Cal. 2024) ("Concrete threats of physical violence are not required to justify pseudonymity."); *see also Doe #1 v. Trump,* 785 F.Supp.3d 575, 582-83 (D.

1  Ariz. 2025) (permitting plaintiff to proceed anonymously due to an "environment of threats"
2  with no account of specific threats being made against petitioner). Additionally, "[i]n
3  demonstrating the reasonableness of his fears of retaliation, Doe can rely on a history of similar
4  retaliation against others." *See Doe v. Trump,* 2019 WL 13248001, at *5 (N.D. Cal., 2019). In
5  *Advanced Textile,* for example, plaintiffs' fears of retaliation were bolstered by "the fact that the
6  Chinese government has punished workers for complaining about their working conditions
7  abroad." 214 F.3d at 1071.

8      Regardless, Doe does support the reasonableness of his fears by pointing to actual threats
9  he received as well as reports showing a history of similar retaliation against detainees at similar
10 facilities.[1] *Al Otro Lado, Inc. v. Nielsen,* 2017 WL 6541446, at *5, fn. 4 (S.D. Cal. 2017) (in
11 which a court *sua sponte* took judicial notice of reports "for the limited purpose of determining
12 the objective reasonableness of the harm the Individual Plaintiffs fear."); *Advanced Textile,* 214
13 F.3d at 1065 ("Plaintiffs also present evidence that China's state secrets law has been used to
14 prosecute and imprison workers for complaining about their working conditions abroad.").
15 Specifically, Doe was threatened with being placed in a special management unit after raising
16 concerns with his unit manager, and also observed officers tell another detainee that they would
17 inform the immigration court of his conduct. Doe Decl. ¶¶ 23, 26. Doe's fear is particularly
18 reasonable when these threats are coupled with his vulnerability as a detainee, meaning that the
19 very individuals who may threaten him exercise significant control over his physical safety and
20 living conditions. *See Advanced Textile,* 214 F.3d, at 1069 (concluding that the "extreme nature
21 of the retaliation threatened against plaintiffs *coupled with their highly vulnerable status*" cause
22 plaintiffs to reasonably fear severe retaliation) (emphasis added). No such vulnerability exists in
23 *Brnovich v. Biden*, 2021 WL 7630109, at *2 (D. Ariz. Dec. 15, 2021), in which the context of
24 the "threat," a public comment by President Joe Biden regarding the Federal employee vaccine
25 mandate, and plaintiff's lack of vulnerability, made the comment "frustration" or "political

---

[1] Doe's fears are reasonable even if these events occurred at other facilities, in part because Doe fears retaliation not just from CoreCivic but also ICE, which partners with the private prison operators.

commentary" rather than a true threat. Finally, contrary to CoreCivic's assertion, Doe did not need to actually "prove that the defendants intend to carry out the threatened retaliation." *Advanced Textile,* 214 F.3d at 1071.

Doe's fears regarding the potential threat of deportation are also not speculative. Doe has heard guards threaten to inform on detainees to immigration court and personally knows detainees who have been deported despite having pending immigration proceedings, or otherwise vanished into the system. Supplemental Declaration of John Doe in Support of Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Suppl. Doe Decl.") ¶ 17. And as previously noted, his status as an asylum seeker and whistleblower in his country of origin further contextualizes the reasonableness of his fears regarding the consequences of deportation. The fact that the foreign government that previously retaliated against him, and from which he fled, tracked him to a previous location in the United States, suggests that he remains under its scrutiny and in danger from its reprisals if he were to be deported. *Al Otro Lado, Inc. v. Nielsen,* 2017 WL 6541446, at *1, 4 (noting the asylum seeker plaintiffs' reasonable fears of harm should their true identity *and locations* be revealed during the course of the judicial proceeding.) The cases CoreCivic cites in an attempt to case his fear as speculative do not concern motions to proceed under pseudonym like Doe's, but rather cases where petitioners made limited or unsupported assertions regarding the threat of retaliation. *See La Asociación de Trabajadores de Lake Forest v. City of Lake Forest,* 2008 WL 11411715, at *3 ( C.D. Cal. 2008) ("*Advanced Textile* is distinguishable from this case on many levels. Unlike the present case, *Advanced Textile* dealt with a *party*—not witness—anonymity."); *Ho v. Ernst & Young,* 2008 WL 205595 (N.D. Cal. 2008) (concerning a petitioner's assertions of various types of privilege to resist production of a privilege log).

**C.     Doe's status as an asylum applicant makes him particularly vulnerable.**

CoreCivic incorrectly asserts that Doe is not particularly vulnerable because the instant case does not directly concern his asylum request. However, Doe's status as an asylum applicant makes him inherently vulnerable regardless of whether this case arises out of or concerns the merits of the asylum application itself. *Al Otro Lado, Inc. v. Nielsen,* 2017 WL 6541446, at *6

1  ("The federal asylum regulations counsel that the Individual Plaintiffs have a right to maintain
2  the confidentiality of that information to prevent retaliation *they face by virtue of being asylum*
3  *seekers*.") (emphasis added). Federal regulations protect not only the details of an asylum case
4  but even information "that allows a third party to link the identity of the applicant to: (1) the fact
5  that the applicant has applied for asylum . . . or (3) facts or allegations that are sufficient to give
6  a reasonable inference that the applicant has applied for asylum." *Id.* . If Doe is not allowed to
7  proceed under pseudonym, the fact that he is applied for asylum would be made known, putting
8  him at risk.

9  **II.      CoreCivic can defend against the suit without knowledge of Petitioner's identity.**

10         CoreCivic alleges that it would be prejudiced if Doe is allowed to proceed under
11  pseudonym, based on two factors: the current stage of the proceedings and CoreCivic's inability
12  to adequately defend against an injunction without knowing Doe's identity. However, a
13  plaintiff's protection under pseudonym is more expansive than CoreCivic asserts.

14         CoreCivic suggests that plaintiffs are entitled to pseudonymity *only* for the initial filing of
15  the FLSA collective action. This is inaccurate. *Advanced Textile* allowed plaintiffs in that case to
16  proceed under pseudonym "*at least* until the district court ruled on plaintiffs' motion for court-
17  ordered notice to potential class members[.]" *Advanced Textile,* 214 F.3d at 1063. This
18  distinction between "only" and "at least" is semantically minor but functionally significant:
19  *Advanced Textile* does not limit the use of pseudonym to the initial filings or set *any* kind of
20  procedural cutoff for a plaintiff's use of pseudonym. Accordingly, cases in the Ninth Circuit that
21  followed *Advanced Textile,* have permitted plaintiffs to proceed under pseudonym well beyond
22  the initial filings. *See Publius v. Boyer-Vine,* 321 F.R.D. 358, 364-65 (E.D. Cal. 2017) (plaintiffs
23  were allowed to remain anonymous, *including from the defendants,* while the parties litigated a
24  preliminary injunction motion.); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (granting
25  plaintiff's request to issue an opinion using a pseudonym after a *decision on the merits*, in a case
26  that had previously been sealed).

27         The instant case is still in its early stages and not knowing Doe's identity would not
28  hamper CoreCivic's ability to defend against a temporary restraining order or preliminary

6

REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS
Case No. 1:25-cv-01292-KES-CDB

injunction. However, even if the case proceeds beyond its current point, Doe should still be permitted to proceed under pseudonym, as Doe's identity has no bearing on the dispositive legal issues in this case, which concern the approval and operation of the Facility without the necessary permits and approvals.[2] The cases CoreCivic cites to again concern witnesses or informer privilege and are inapplicable. *See Quair v. Bega,* 232 F.R.D. 638, 641-42 (E.D. Cal. 2005) (concerning the identity of trial witnesses, not anonymous plaintiffs); *Solis,* 2010 WL 1708831, at *3 (concerning informant's privilege); *La Asociación de Trabajadores de Lake Forest,* 2008 WL 11411715, at *3 (concerning witness anonymity.).

While defendants do often know the name of an anonymous plaintiff, that is not always the case. *See Chang v. Republic of South Sudan*, 548 F.Supp.3d 34, 38 (D.D.C., 2021) (allowing Does to proceed despite Defendant not knowing their names); *Publius,* 321 F.R.D. at 364 ("noting that defendant litigated the preliminary injunction motion without knowing Publius' identity[.]"); *Lozano v. City of Hazleton,* 496 F.Supp.2d 477, 510 (M.D. Pa. 2007) ("we find that the defendant does not have a strong need to obtain the identity of the anonymous plaintiffs in order to defend against plaintiffs' suit[.]").[3] In many cases, a plaintiff does not *need* to withhold its identity from a defendant because the plaintiff fears only third-party retaliation, not retaliation or harm form the defendant themselves. *See Al Otro Lado, Inc.,* 2017 WL 6541446, at *4 (noting that the nexus between the feared retaliation and the litigation in which the party seeks to proceed pseudonymously is "especially strong when the retaliation a party fears is *from the opposing party.*") (emphasis added).

---

[2] Doe does not waive any right to continue asserting his right to proceed under pseudonym at later stages of this case.

[3] Notably, in *Lozano,* the Court also rejected Defendants' claims regarding the need for information such as plaintiffs' immigration status and identities to confirm plaintiffs' standing. *See Lozano*, 496 F.Supp.2d at 510-12 ("While standing is a clear constitutional requirement, it is also a preliminary question and one we find we can answer for the anonymous plaintiffs without discovery of their identities."). CoreCivic has made similar assertions here. Response at 13, fn. 6. Additionally, Petitioners' reliance on *Lozano* is not misplaced, as several of the factors considered by the court are relevant in the Ninth Circuit as well, including a defendant's ability to defend against an anonymous plaintiff.

7

REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS
Case No. 1:25-cv-01292-KES-CDB

Finally, CoreCivic can defend against a preliminary injunction without knowing Doe's identity and indeed has already shown itself to be capable of investigating and responding to Doe's statements about conditions at the Facility germane to Petitioners' request for temporary restraining order ("TRO"). Petitioners' TRO request seeks limited, temporary relief to prevent serious conditions at the Facility from getting worse by asking the Court to prevent the Facility from expanding or taking on new detainees until it has secured the proper authorizations. Petitioners' Consolidated Reply to Respondents' Oppositions to Petitioners Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("Petitioners' Reply") at 1. Petitioners note various conditions that would rapidly and inevitably worsen without a TRO due to the imminent introduction of nearly 2,000 more individuals into the Facility, including unreliable medical care, inadequate outdoor time, insufficient hygiene products, and lack of hot water. Petitioners' Reply at 20-22. While Doe attests to these conditions in his Declaration and Supplemental Declaration, whether CoreCivic can adequately investigate and respond to these assertions in its opposition to a TRO has nothing to do with Doe's *identity*—particularly since CoreCivic claims to have already determined the specific dorm Doe is detained in and where Doe alleges these conditions are occurring. *See* Dkt. 18-4 ("Chestnut Decl.") ¶ 46.

### III. The public has an interest in allowing Doe to vindicate the public's statutory rights.

Petitioners have shown that the public has an interest in allowing Doe petitioner to proceed under pseudonym. While the public does have an interest in open judicial proceedings, it also has an interest in public-interest lawsuits that benefit the general public. *Advanced Textile,* 214 F.3d at 1073; *Al Otro Lado, Inc.,* 2017 WL 6541446, at *7 (noting that "lawsuits that enforce constitutional and statutory rights benefit the public."). Though CoreCivic criticizes Petitioners for "tak[ing] the offensive," public-interest lawsuits are typically affirmative by nature. Response at 14. Furthermore, plaintiffs in these suits often face off against large corporate or governmental interests, and reasonably fear retaliation as a result. Allowing such petitioners to proceed under pseudonym therefore favors the public interest. *Al Otro Lado, Inc.*, 2017 WL 6541446, at *7 ("Courts should be wary of taking actions that may chill the

8

REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS
Case No. 1:25-cv-01292-KES-CDB

willingness of a party from bringing constitutional and statutory challenges.") Here, Petitioners' suit raises important claims regarding the public's right to participate in local land use decisions. Allowing Doe to proceed under pseudonym, thereby protecting him from retaliation that could foreseeably cause him to withdraw from the litigation, benefits the public.

IV.    **For the same reasons discussed above, CoreCivic has failed to show that Doe should not be permitted to submit the identifying version of his declaration under seal.**

Petitioners have demonstrated that "good cause" exists to seal the version of Doe's declaration containing his name and signature. The "good cause" standard applies to sealed documents attached to a nondispositive motion, or a motion only tangentially related to the underlying cause of action. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 677-8 (9th Cir. 2010). Here, Petitioners submitted the public version of Doe's declaration with their TRO request. The version of the declaration they seek to submit under seal functionally only seals Doe's name and signature. This limited sealing justifies application of the good cause standard.

Nevertheless, Petitioners' request also meets the alternative, "compelling reason" standard. Compelling reasons sufficient to justify sealing records exist, for example, when court files could become a vehicle for improper purpose, but the Court also has significant discretion to determine what constitutes a compelling reason. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"). Doe's interests in proceeding under pseudonym are also a "compelling reason" justifying sealing any personally identifying court records. Courts regularly seal records under the compelling reason standard when a party seeks to proceed under pseudonym in order to avoid retaliation. *See e.g., Doe v. Noem,* 781 F.Supp.3d 1055, 1063-64 (E.D. Cal. 2025) (finding that a noncitizen plaintiff's reasons for proceeding under pseudonym justified filing under seal any information identifying plaintiff); *Doe v. Andrews,* 2025 WL 1856591, at *3 (E.D. Cal. 2025); *Doe v. Becerra,* 787 F.Supp.3d 1083, 1096 (E.D. Cal. 2025) (allowing information that could identify an asylum seeker to be filed under seal for the same reasons that plaintiff was allowed to proceed under pseudonym).

9

REPLY TO CORECIVIC'S OPPOSITION TO PETITIONERS' MOTION TO PROCEED UNDER PSEUDONYM AND REQUEST TO SEAL DOCUMENTS
Case No. 1:25-cv-01292-KES-CDB

Additionally, as Petitioners have explained above, CoreCivic would not be prejudiced if Petitioners were allowed to proceed under pseudonym.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter an ex parte order (1) granting the application to allow Doe to proceed under a pseudonym, and (2) granting the request to file under seal the versions of Doe's supporting declarations that contain his true name and signature.

DATED: October 30, 2025        SHUTE, MIHALY & WEINBERGER LLP

By:     /s/Joseph D. Petta
JOSEPH D. PETTA
MINDY K. JIAN
RYAN K. GALLAGHER

Attorneys for Dignity Not Detention Coalition