UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION and JOHN DOE,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY and CORECIVIC, INC.,<br><br>Respondents and Defendants. | Case No. 1:25-cv-01292 JLT CDB<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST TO SEAL<br><br>***Three-day deadline*** |

    Pending before the Court is Plaintiffs' *ex parte* motion for a temporary restraining order that requests, among other things, an injunction prohibiting the transfer of additional immigration detainees to the California City Correctional Facility. (Doc. 10.) Plaintiffs have also filed a related *ex parte* request to permit one Plaintiff, currently identified as John Doe, to proceed by pseudonym (Doc. 9), as well as two requests to seal declarations from John Doe, who presently is detained at the Facility. (Docs. 9, 25.) Defendants oppose the request to proceed by pseudonym (Doc. 19) and some aspects of the request to seal.

    As currently presented, the request to seal is **DENIED WITHOUT PREJUDICE**. Plaintiffs propose to completely conceal the identity of John Doe (and apparently some additional information that might facilitate his identification) from not only the public and Defendants but also from **<u>Defense counsel</u>**. Plaintiffs attempt to justify this request by pointing to John Doe's

1

1 declaration, which indicates that he was on one occasion threatened by one guard because he
2 complained about not receiving medication; that he witnessed guards "handcuff[ing]" other
3 detainees who spoke up "behind their backs to move them"; and relatedly that officials "used
4 large numbers of guards to intimidate people who speak up." These isolated and generic events
5 do not justify Plaintiffs' extreme sealing request, which would be fundamentally unfair to
6 Defendants because it would prejudice their ability to prepare a defense.

7     The Court would, instead, be amenable to sealing the unredacted declarations for purposes
8 of adjudicating the pending motions and entering a temporary protective order permitting Defense
9 counsel access to those documents while precluding Defendants from disclosing the name and
10 identifying details of John Doe and/or from using that information for any purpose not related to
11 this litigation. Within **three days** of the date of this order, Plaintiffs **SHALL** indicate in a brief
12 filing whether they wish to proceed with the sealing request as modified. If they do not, the Court
13 will disregard John Doe's declarations entirely for purposes of ruling on the TRO request.
14 Meanwhile, the Court is still examining the record and will act on the TRO request and motion to
15 proceed by pseudonym as soon as possible.

17 IT IS SO ORDERED.

18     Dated:   **November 5, 2025**                                    _____
    UNITED STATES DISTRICT JUDGE