Daniel P. Struck, Pro Hac Vice
Dana M. Keene, CA Bar #324993
Shannon L. Knorr, CA Bar #300399
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
dkeene@strucklove.com
sknorr@strucklove.com

Nicholas H. Rasmussen, Bar #285736
Nancy Flores-Castaneda, Bar #357148
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & SMITH, LLP
7647 North Fresno Street
Fresno, CA 93720
Tel: (559) 433-1300
Fax: (559) 433-2300
nrasmussen@mccormickbarstow.com
nancy.flores-castaneda@mccormickbarstow.com

Attorneys for Respondent-Defendant CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION AND JOHN DOE,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY; CORECIVIC, INC.,<br><br>Respondents and Defendants.<br><br>CORECIVIC, INC.,<br><br>Real Party in Interest. | Case No. 1:25-cv-01292-JLT-CDB<br><br>**RESPONDENT CORECIVIC'S MOTION FOR ADMINISTRATIVE RELIEF TO SUPPLEMENT RESPONSE UPON DISCLOSURE OF DOE'S IDENTITY**<br><br>U.S. District Judge: Hon. Jennifer L. Thurston<br>U.S. Magistrate Judge: Hon. Christopher D. Baker<br><br>Trial Date:   None |

Pursuant to LR 233, Respondent/Defendant CoreCivic, Inc. respectfully requests that, within seven days of Petitioners/Plaintiffs' disclosure of John Doe's identity to CoreCivic, the Court grant CoreCivic leave to file: (1) a Supplemental Response to Petitioners' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction that is limited to his claim of standing and irreparable harm; and (2) a Supplemental Declaration

supporting that limited Supplemental Response. This request is made in good faith and supported by good cause for the following reasons.

**I.     Relevant Background.**

On October 17, 2025, Petitioners filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. (Dkt. 10.) In support of the Application, they submitted the Declaration of John Doe without revealing his identity to Respondents/Defendants. (Decl. Doe submitted via email on 10/17/2025). Doe made numerous allegations in support of his claim that the conditions of his immigration detention were inhumane. (Decl. Doe, ¶¶ 9–32.) Petitioners also requested to conceal John Doe's identity from the public and Defendants and permanently seal his unredacted Declaration. (Request to Seal Documents.)

On October 20, 2025, CoreCivic responded in opposition to Petitioners' Motion to Seal Documents. (Resp. Mot. Seal submitted on 10/20/2025.) On October 27, 2025, CoreCivic responded to the Ex Parte Application. (Dkt. 18.) In all its responses, CoreCivic objected that Petitioners' concealment of John Doe's identity deprived it of the ability to adequately investigate his allegations and claims and mount a fair defense, in violation of its right to due process and a fair hearing.

On October 30, 2025, Petitioners filed a Reply in support of the Ex Parte Application (Dkt. 23) and submitted a Supplemental Declaration of John Doe. (Suppl. Decl. Doe). Petitioners also submitted a request to seal the Supplemental Declaration. (Suppl. Mot. Seal submitted on 10/30/25.)

On November 3, 2025, CoreCivic submitted a Response to the request to seal the Supplemental Declaration, reiterating its objections that concealment of Doe's identity was not justified and would deprive it of due process. (Resp. Suppl. Mot. Seal submitted 11/3/2025.)

On November 5, 2025, this Court denied Petitioners' requests to conceal John Doe's identity from Defendants. (Dkt. 28.) It found that that the "isolated and generic events" alleged in the Declaration "do not justify Plaintiffs' extreme sealing request, which would be fundamentally unfair to Defendants because it would prejudice their ability to prepare a defense." (Dkt. 28 at 2.) It stated, however, that it was amenable to:

> [S]ealing the unredacted declarations for purposes of adjudicating the pending motions and entering a temporary protective order permitting Defense counsel access to those documents while precluding Defendants from disclosing the name and identifying details of John Doe and/or from using that information for any purpose not related to this litigation.

(*Id.*) The Court ordered Petitioners to file a response as to whether they are willing to proceed with this proposal; otherwise, it will disregard "Doe's declarations entirely for purposes of ruling on the TRO request." (*Id.*)

On November 6, 2025, Petitioners filed their Response to Order Denying Request to Seal, stating they "agree to proceed with the sealing request as modified by the Court's proposal." (Dkt. 29 at 2.) They requested the Court to issue:

> (1) an order sealing the unredacted declarations for purposes of adjudicating the pending motions; and (2) a temporary protective order permitting Defense counsel for Defendants and Respondents CoreCivic and California City to access the unredacted declarations while precluding Defendants and their counsel from disclosing the name and identifying details of John Doe and/or from using that information for any purpose not related to this litigation.

(*Id.*)

**II.    Due Process Requires that CoreCivic Be Given a Fair Opportunity to Investigate John Doe's Allegations and Supplement Its Response to the Ex Parte Application.**

In denying Petitioners' Request to Seal Documents, this Court found that Doe's "isolated and generic" allegations in his Declaration were insufficient to justify concealing his identity and that allowing him to do so "would be fundamentally unfair to Defendants because it would prejudice their ability to prepare a defense." (Dkt. 28 at 2.)

Indeed, CoreCivic has already suffered prejudice from Petitioners' concealment of Doe's identity because it was forced to blindly respond to the merits of Doe's claims and his vague and conclusory allegations of irreparable harm without knowing his identity. CoreCivic preserved this objection throughout its Responses to Petitioners' Ex Parte Applications. (*See, e.g.*, Dkt. 18 at 16 n.15 ["For the purposes of this Response, CoreCivic refers to the redacted version of John Doe's Declaration that was emailed to undersigned counsel on October 17, 2025. If the Court orders Petitioners to reveal his identity, CoreCivic reserves the right to file a supplemental response addressing the allegations in his Declaration specific to medical care and alleged retaliation."]; *see*

*also*, *e.g.*, Dkt. 19 at 8 ["Simply put, the mere fact that Doe happens to be seeking asylum in another case does not cloak him with pseudonymity here to accuse CoreCivic of violating his rights while depriving CoreCivic of its due process rights to investigate his allegations, respond to them, and mount a fair defense."]; *id*. at 9 ["Petitioners are now seeking injunctive relief from this Court in the form of a temporary restraining order and an order to show cause why a preliminary injunction should not issue to shut down CoreCivic's operation of a federal immigration detention facility on behalf of the United States government. At this exact stage of the proceedings, CoreCivic needs to know Doe's identity in order to respond to the allegations and defend against an injunction."]; *id*. at 10 ["Doe is an important witness to the upcoming proceedings because he is the only detainee witness, and his Declaration is replete with factual allegations that purportedly support the merits of his claims. In determining whether mandatory injunctive relief is appropriate, the Court must examine this evidence to determine whether he is likely to succeed on the merits. Without knowing Doe's identity, CoreCivic is unable to adequately investigate and respond to his allegations (including in his request for pseudonymity), much less challenge his credibility." (internal citations omitted)]; *id*. at 14 ["Petitioners have chosen to take the offensive in this case by forcing CoreCivic to blindly respond to Doe's vague and conclusory allegations of inhumane conditions of confinement without giving it necessary information about his identity to allow it to investigate his allegations and defend against his claims. The public interests do not favor use of such litigation tactics to deprive CoreCivic of its due process rights to a fair hearing."].)

      As of the date of this Motion, Petitioners still have not disclosed Doe's identity to CoreCivic. After Petitioners disclose Doe's identity, CoreCivic should be given an opportunity to investigate his allegations of standing and irreparable harm and supplement its Response to the Ex Parte Application. The Court cannot resolve that Application unless it has all the facts before it. A supplemental response will provide those necessary facts.

      Counsel for the City of California City does not oppose this request. Counsel for Petitioners also does not oppose CoreCivic's request to file a supplemental response and declaration but on the condition that it is filed within two days from their disclosure of Doe's identity. CoreCivic submits that two days is not sufficient time to investigate all the claims that Doe alleges in his two

Declarations, gather responsive evidence, and prepare and file a supplemental response and supplemental declaration. CoreCivic respectfully requests seven days from their disclosure of Doe's identity to accomplish this.

**III.  Conclusion.**

For the reasons above, CoreCivic respectfully requests that the Court grant CoreCivic seven days from the date that Petitioners disclose Doe's identity to CoreCivic to investigate Doe's allegations and submit: (1) a Supplemental Response to Petitioners' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction that is limited to his claim of standing and irreparable harm; and (2) a Supplemental Declaration supporting that limited Supplemental Response.

DATED this 7th day of November 2025.

STRUCK LOVE ACEDO, PLC

By /s/ Dana M. Keene
Daniel P. Struck
Dana M. Keene
Shannon L. Knorr

Nicholas H. Rasmussen
Nancy Flores-Castaneda
McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

Attorneys for Respondent-Defendant CoreCivic, Inc.