Daniel P. Struck, Pro Hac Vice
AZ Bar #012377
Dana M. Keene, CA Bar #324993
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
dkeene@strucklove.com

Nicholas H. Rasmussen, Bar #285736
McCORMICK BARSTOW, LLP
7647 North Fresno Street
Fresno, CA  93720
Tel:  (559) 433-1300
Fax: (559) 433-2300
nrasmussen@mccormickbarstow.com

Attorneys for Respondent-Defendant CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGNITY NOT DETENTION COALITION AND JOHN DOE,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CITY OF CALIFORNIA CITY; CORECIVIC, INC.,<br><br>Respondents and Defendants.<br><br>CORECIVIC, INC.,<br><br>Real Party in Interest. | Case No. 1:25-cv-01292-JLT-CDB<br><br>**DEFENDANT CORECIVIC, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (DKT. 50)**<br><br>U.S. District Judge: Hon. Jennifer L. Thurston<br>U.S. Magistrate Judge: Hon. Christopher D. Baker<br><br>Trial Date:    None |

Defendant CoreCivic, Inc. provides notice of the following supplemental authorities in support of its Motion to Dismiss the claims against Plaintiff Dignity Not Detention for lack of organizational standing (Dkt. 50 at 6–10).

- *See L.T. v. U.S. Immigr. & Customs Enf't*, No. 5:26-CV-00322-SSS-SPX, 2026 WL 1270746, at *5–6 (C.D. Cal. May 5, 2026) ("CHIRLA is an organization that was 'founded in 1986 to advance the human and civil rights of immigrants and refugees.' The organization's core business activity appears to include pro bono legal services. To

demonstrate organizational standing, CHIRLA must be able to demonstrate that Defendants 'directly affected and interfered with [its] core business activities' such that it 'perceptibly impaired' CHIRLA's ability to provide legal services—'not dissimilar to a retailer who sues a manufacturer for selling defective goods to the retailer.' … CHIRLA more resembles the plaintiffs in *Hippocratic Medicine*, who had to expend considerable time, energy, and resources in response to the defendant's conduct, to the detriment of its other priorities. In other words, Defendants' policies and practices have injured the individuals whose interests CHIRLA seeks to assist; Defendants have not perceptively impaired CHIRLA's ability to provide legal services itself.") (internal citations omitted and alteration in original).

- *See Arizona State Legislature v. Biden*, No. 25-1370, 2026 WL 892956, at *2 (9th Cir. Apr. 1, 2026) ("Plaintiffs next allege that they are injured because they 'have to divert resources to address[ ] the effects of the Proclamation.' In particular, Plaintiffs assert that they are being 'forced' to divert their resources to activities such as 'passing laws,' 'holding hearings,' and 'publicly commenting' on issues relating to the monument. But a plaintiff may not 'manufacture' an injury by 'simply choosing to spend money.' A plaintiff 'must instead show that it would have suffered some other injury if it had not diverted resources to counteracting the problem.' The allegations here fail because Plaintiffs fail to identify any 'other injury' they would suffer if they stopped diverting their resources as described.") (internal citations omitted and alteration in original).

- *See Mussi v. Fontes*, No. 25-1427, 2026 WL 753171, at *2 (9th Cir. Mar. 17, 2026) ("Plaintiffs may not 'manufacture standing merely ... based on their fears of hypothetical future harm that is not certainly impending.' … Plaintiffs do not adequately allege an injury based on a diversion of resources. A plaintiff who 'has not suffered a concrete injury caused by a defendant's action cannot spend [his] way into standing simply by expending money to gather information and advocate against the defendant's action.' Plaintiffs allege that the Secretary's inadequate list maintenance has caused them to spend 'more time and resources monitoring Arizona's elections for fraud and abuse,'

which 'would otherwise be spent on other projects and activities that would advance their goals.' But they do not explain what those other projects and activities might be or how their resources have been diverted. Absent such allegations, plaintiffs allege only a setback to their 'abstract social interests,' which is insufficient to confer standing.") (internal citations omitted).

DATED this 14th day of May 2026.

By /s/ Daniel P. Struck
Daniel P. Struck
Dana M. Keene
STRUCK LOVE ACEDO, PLC

Nicholas H. Rasmussen
McCORMICK BARSTOW, LLP

Attorneys for Respondent-Defendant CoreCivic, Inc.